# Exhibit 2

# PROMISSORY NOTE

| Principal | Loan Date | Maturity | Loan No | Call / Coll | Account | Officer | Initials |
|---|---|---|---|---|---|---|---|
| $2,415,946.88 | 10-19-2012 | 10-19-2015 | 37887-80 | | | RER | |

References in the boxes above are for Lender's use only and do not limit the applicability of this document to any particular loan or item. Any item above containing "***" has been omitted due to text length limitations.

**Borrower:** CHARLES E LOTZ
LYNN M LOTZ
2000 LAKEWOOD DRIVE
MACOMB, IL 61455

**Lender:** SCHUYLER STATE BANK
MAIN BRANCH
P O BOX 170
102 N. CONGRESS
RUSHVILLE, IL 62681-0170

**Principal Amount: $2,415,946.88** **Date of Note: October 19, 2012**

**PROMISE TO PAY. CHARLES E LOTZ and LYNN M LOTZ ("Borrower") jointly and severally promise to pay to SCHUYLER STATE BANK ("Lender"), or order, in lawful money of the United States of America, the principal amount of Two Million Four Hundred Fifteen Thousand Nine Hundred Forty-six & 88/100 Dollars ($2,415,946.88), together with interest on the unpaid principal balance from October 19, 2012, calculated as described in the "INTEREST CALCULATION METHOD" paragraph using an interest rate of 4.750%, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.**

**PAYMENT. Borrower will pay this loan in full immediately upon Lender's demand. If no demand is made, Borrower will pay this loan in 35 regular payments of $15,703.17 each and one irregular last payment estimated at $2,199,483.35. Borrower's first payment is due November 19, 2012, and all subsequent payments are due on the same day of each month after that. Borrower's final payment will be due on October 19, 2015, and will be for all principal and all accrued interest not yet paid. Payments include principal and interest. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any late charges; and then to any unpaid collection costs. Borrower will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.**

**INTEREST CALCULATION METHOD. Interest on this Note is computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under this Note is computed using this method.**

**PREPAYMENT.** Borrower may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve Borrower of Borrower's obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due and may result in Borrower's making fewer payments. Borrower agrees not to send Lender payments marked "paid in full", "without recourse", or similar language. If Borrower sends such a payment, Lender may accept it without losing any of Lender's rights under this Note, and Borrower will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: SCHUYLER STATE BANK, MACOMB BRANCH, P O BOX 416 MACOMB, IL 61455-0416.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged **5.000% of the unpaid portion of the regularly scheduled payment.**

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by 5.000 percentage points. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** Each of the following shall constitute an event of default ("Event of Default") under this Note:

**Payment Default.** Borrower fails to make any payment when due under this Note.

**Other Defaults.** Borrower fails to comply with or to perform any other term, obligation, covenant or condition contained in this Note or in any of the related documents or to comply with or to perform any term, obligation, covenant or condition contained in any other agreement between Lender and Borrower.

**Default in Favor of Third Parties.** Borrower or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Borrower's property or Borrower's ability to repay this Note or perform Borrower's obligations under this Note or any of the related documents.

**False Statements.** Any warranty, representation or statement made or furnished to Lender by Borrower or on Borrower's behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished or becomes false or misleading at any time thereafter.

**Death or Insolvency.** The death of Borrower or the dissolution or termination of Borrower's existence as a going business, the insolvency of Borrower, the appointment of a receiver for any part of Borrower's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower.

**Creditor or Forfeiture Proceedings.** Commencement of foreclosure or forfeiture proceedings, whether by judicial proceeding, self-help, repossession or any other method, by any creditor of Borrower or by any governmental agency against any collateral securing the loan. This includes a garnishment of any of Borrower's accounts, including deposit accounts, with Lender. However, this Event of Default shall not apply if there is a good faith dispute by Borrower as to the validity or reasonableness of the claim which is the basis of the creditor or forfeiture proceeding and if Borrower gives Lender written notice of the creditor or forfeiture proceeding and deposits with Lender monies or a surety bond for the creditor or forfeiture proceeding, in an amount determined by Lender, in its sole discretion, as being an adequate reserve or bond for the dispute.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note.

**Adverse Change.** A material adverse change occurs in Borrower's financial condition, or Lender believes the prospect of payment or performance of this Note is impaired.

**Insecurity.** Lender in good faith believes itself insecure.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

**JURY WAIVER. Lender and Borrower hereby waive the right to any jury trial in any action, proceeding, or counterclaim brought by either Lender or Borrower against the other.**

**GOVERNING LAW. This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Illinois without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Illinois.**

**CHOICE OF VENUE.** If there is a lawsuit, Borrower agrees upon Lender's request to submit to the jurisdiction of the courts of SCHUYLER County, State of Illinois.

**CONFESSION OF JUDGMENT.** Borrower hereby irrevocably authorizes and empowers any attorney-at-law to appear in any court of record and to confess judgment against Borrower for the unpaid amount of this Note as evidenced by an affidavit signed by an officer of Lender setting forth the amount then due, attorneys' fees plus costs of suit, and to release all errors, and waive all rights of appeal. If a copy of this Note, verified by an affidavit, shall have been filed in the proceeding, it will not be necessary to file the original as a warrant of attorney. Borrower waives the right to any stay of execution and the benefit of all exemption laws now or hereafter in effect. No single exercise of the foregoing warrant and power to confess judgment will be deemed to exhaust the power, whether or not any such exercise shall be held by any court to be invalid, voidable, or void; but the power will continue undiminished and may be exercised from time to time as Lender may elect until all amounts owing on this Note have been paid in full. Borrower hereby waives and releases any and all claims or causes of action which Borrower might have against any attorney acting under the terms of authority which Borrower has granted herein arising out of or connected with the confession of judgment hereunder.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all Borrower's accounts with Lender (whether

checking, savings, or some other account). This includes all accounts Borrower holds jointly with someone else and all accounts Borrower may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. Borrower authorizes Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts, and, at Lender's option, to administratively freeze all such accounts to allow Lender to protect Lender's charge and setoff rights provided in this paragraph.

**COLLATERAL.** Borrower acknowledges this Note is secured by SEE ATTACHED EXHIBIT "A".

**SUCCESSOR INTERESTS.** The terms of this Note shall be binding upon Borrower, and upon Borrower's heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Borrower may notify Lender if Lender reports any inaccurate information about Borrower's account(s) to a consumer reporting agency. Borrower's written notice describing the specific inaccuracy(ies) should be sent to Lender at the following address: SCHUYLER STATE BANK MAIN BRANCH P O BOX 170 RUSHVILLE, IL 62681-0170.

**GENERAL PROVISIONS.** This Note is payable on demand. The inclusion of specific default provisions or rights of Lender shall not preclude Lender's right to declare payment of this Note on its demand. If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. Each Borrower understands and agrees that, with or without notice to Borrower, Lender may with respect to any other Borrower (a) make one or more additional secured or unsecured loans or otherwise extend additional credit; (b) alter, compromise, renew, extend, accelerate, or otherwise change one or more times the time for payment or other terms of any indebtedness, including increases and decreases of the rate of interest on the indebtedness; (c) exchange, enforce, waive, subordinate, fail or decide not to perfect, and release any security, with or without the substitution of new collateral; (d) apply such security and direct the order or manner of sale thereof, including without limitation, any non-judicial sale permitted by the terms of the controlling security agreements, as Lender in its discretion may determine; (e) release, substitute, agree not to sue, or deal with any one or more of Borrower's sureties, endorsers, or other guarantors on any terms or in any manner Lender may choose; and (f) determine how, when and what application of payments and credits shall be made on any other indebtedness owing by such other Borrower. Borrower and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral; and take any other action deemed necessary by Lender without the consent of or notice to anyone. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several.

**ILLINOIS INSURANCE NOTICE.** Unless Borrower provides Lender with evidence of the insurance coverage required by Borrower's agreement with Lender, Lender may purchase insurance at Borrower's expense to protect Lender's interests in the collateral. This insurance may, but need not, protect Borrower's interests. The coverage that Lender purchases may not pay any claim that Borrower makes or any claim that is made against Borrower in connection with the collateral. Borrower may later cancel any insurance purchased by Lender, but only after providing Lender with evidence that Borrower has obtained insurance as required by their agreement. If Lender purchases insurance for the collateral, Borrower will be responsible for the costs of that insurance, including interest and any other charges Lender may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The costs of the insurance may be added to Borrower's total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance Borrower may be able to obtain on Borrower's own.

PRIOR TO SIGNING THIS NOTE, EACH BORROWER READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. EACH BORROWER AGREES TO THE TERMS OF THE NOTE.

BORROWER ACKNOWLEDGES RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.

**BORROWER:**

X _COPY_ _[signature]_
CHARLES E LOTZ

X _COPY_ _[signature]_
LYNN M LOTZ

EXHIBIT "A"

TO NOTE 37887-80

1. Mortgage dated October 6, 2006 and recorded October 11, 2006 as Document Number 06-4751 made by Charles E. Lotz and Lynn M. Lotz, husband and wife to Schuyler State Bank given to secure an indebtedness in the principal amount of $250,000.00. (Affects Tracts 1, 2, 3, 4, 5 and 6)

2. Assignment of Rents dated October 6, 2006 and recorded October 11, 2006 as Document Number 06-4752 made by Charles E. Lotz and Lynn M. Lotz, husband and wife to Schuyler State Bank. (Affects Tracts 1, 2, 3, 4, 5 and 6)

3. Commercial Security Agreement dated October 6, 2006.

4. Mortgage dated April 13, 2007 and recorded April 13, 2007 as Document Number 07-1396 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $650,000.00. (Affects Tracts 7, 8, 9, 10, 11, 12 and 16)

5. Assignment of Leases and Rents dated April 13, 2007 and recorded April 13, 2007 as Document Number 07-1397 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank. (Affects Tracts 7, 8, 9, 10, 11, 12 and 16)

6. Mortgage dated April 13, 2007 and recorded April 13, 2007 as Document Number 07-1398 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $650,000.00. (Affects Tracts 13, 14 and 15)

7. Mortgage dated April 13, 2007 and recorded April 13, 2007 as Document Number 07-1399 made by Charles E. Lotz and Lynn M. Lotz, husband and wife to Schuyler State Bank given to secure an indebtedness in the principal amount of $1,450,000.00. (Affects Tracts 13, 14 and 15)

8. Assignment of Leases and Rents dated April 13, 2007 and recorded April 13, 2007 as Document Number 07-1400 made by Charles E. Lotz and Lynn M. Lotz, husband and wife to Schuyler State Bank. (Affects Tracts 13, 14 and 15)

9. Mortgage dated April 13, 2007 and recorded April 13, 2007 as Document Number 07-1401 made by Charles E. Lotz and Lynn M. Lotz, husband and wife to Schuyler State Bank. (Affects Tracts 7, 8, 9, 10, 11, 12 and 16)

10. Commercial Security Agreement dated April 13, 2007.

11. Mortgage dated July 3, 2008 and recorded July 9, 2008 as Document Number 2008-2697 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $1,450,000.00. (Affects Tracts 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16)

12. Assignment of Rents dated July 3, 2008 and recorded July 9, 2008 as Document Number 2008-2698 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $1,450,000.00. (Affects Tracts 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16)

13. Mortgage dated July 3, 2008 and recorded July 9, 2008 as Document Number 2008-2699 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $100,000.00. (Affects Tracts 7, 8, 9, 10, 11, 12, 13, 14, 15 and 16)

14. Commercial Security Agreement dated July 3, 2008

15. Mortgage dated March 20, 2009 and recorded March 30, 2009 as Document Number 2009-1213 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $30,000.00. (Affects Tracts 17, 18 and 19)

16. Assignment of Rents dated March 20, 2009 and recorded March 30, 2009 as Document Number 2009-1214 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank. (Affects Tracts 17, 18 and 19)

17. Commercial Security Agreement dated March 30, 2009.

18. Mortgage dated September 15, 2009 and recorded October 19, 2009 as Document Number 2009-4858 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $178,000.00. (Affects all of the premises in question)

19. Assignment of Rents dated September 15, 2009 and recorded October 19, 2009 as Document Number 2009-4859 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank. (Affects all of the premises in question)

20. Commercial Security Agreement dated September 15, 2009.

21. Mortgage dated August 11, 2010 and recorded August 13, 2010 as Document Number 2010-2654 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $105,203.83

22. Assignment of Rents dated August 11, 2010 and recorded August 13, 2010 as Document Number 2010-2655 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank.

23. Commercial Security Agreement dated August 11, 2010.

24. Mortgage dated October 19, 2012 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank given to secure an indebtedness in the principal amount of $2,415,946.88.

25. Assignment of Rents dated October 19, 2012 made by Charles E. Lotz and Lynn M. Lotz to Schuyler State Bank.

26. Commercial Security Agreement dated October 19, 2012.